UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY CROCKER, et al.,

        Plaintiffs,

    v.

STATE OF CALIFORNIA,
DEPARTMENT OF REHABILITATION,

        Defendant.

No.  2:14-cv-01944-MCE-DAD

**MEMORANDUM AND ORDER**

On August 20, 2014, Plaintiffs Gary Crocker and Thomas Evans (collectively "Plaintiffs") filed this action alleging that Defendant State of California, Department of Rehabilitation ("Defendant") is seeking to unlawfully terminate their operating agreements in violation of the Randolph-Sheppard Act, 20 U.S.C. § 107-107f (the "R-S Act") and the California Business Enterprise Program for the Blind law, California Welfare and Institutions Code sections 19625-19641 (the "BEP" statute).  See Compl., ECF No. 5.  Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order.  Mot., Aug. 20, 2014, ECF No. 2.[1]  For the following reasons, Plaintiffs' Motion is DENIED without prejudice.

---

[1] Plaintiffs also seek a Preliminary Injunction through the same filing.  Mot., Aug. 20, 2014, ECF No. 2.  Because oral argument would not be of material assistance, the Court resolves this matter on Plaintiffs' brief.  E.D. Cal. Local R. 230(g).  Defendant has not yet appeared or filed a response to the Motion.

1

1

2

**BACKGROUND**[2]

3      Plaintiffs are licensed blind vendors pursuant to the R-S Act, operating vending

4   facilities located in the California.  According to Plaintiffs, the BEP mandates that the

5   state give priority to blind individuals when determining who shall operate vending

6   facilities on state property.  When a blind vendor is assigned to operate a particular

7   vending facility, the blind vendor enters into an operating agreement which sets forth the

8   terms and conditions for the operation of the facility.

9      Plaintiffs allege that they entered into operating agreements with Defendant that

10  did not require them to pay utilities.  However, each Plaintiff thereafter received a Notice

11  of Intent to Terminate their operating agreement for failure to pay such fees.  Moreover,

12  the termination notice received by Plaintiff Evans charged him for utilities for months that

13  his vending facility was closed and did not credit him for amounts that he had paid

14  directly to Caltrans at the direction of Defendant.  Nonetheless, Evans alleges that he

15  subsequently submitted all amounts due prior to the deadline in the Termination Notice.

16  Plaintiff Crocker similarly avers that, despite not owing the amount charged, he paid all

17  amounts due in full prior to the deadline set forth in the Termination Notice.

18      Plaintiffs initiated agency proceedings seeking full evidentiary hearings pursuant

19  to 34 C.F.R. § 395.13 and Cal. Welf. & Inst. Code § 19635.[3]  According to Plaintiffs, the

20  R-S Act's dispute resolution mechanism is the only avenue open to licensees to resolve

21  their complaints against state licensing agencies.  The only exception to that

22  requirement is when blind licensees seek injunctive relief pending a full resolution of the

23  dispute.  Plaintiffs fear that Defendant will terminate their operating agreements after the

24  full evidentiary hearing, should the decision be adverse to Plaintiffs, despite Plaintiffs'

25  right to have the decision reviewed by an arbitration panel convened by the Secretary of

26

27

28

[2]  Unless otherwise indicated, the facts are taken, often verbatim, from Plaintiffs' Memorandum in Support of Plaintiffs' Motion (ECF No. 3), as well as their Complaint (ECF No. 5).

[3] Plaintiffs' Complaint and Motion make clear that administrative proceedings are ongoing.  See generally ECF Nos. 2, 5.

1  Education.  Termination of Plaintiffs' operating agreements would result in ejection from

2  the vending facilities they currently operate. Each Plaintiff has stated that he would be

3  unable to find other employment that would compensate him at the level he earns at his

4  respective vending facility.  Plaintiffs assert that they are entitled to a temporary

5  restraining order and a preliminary injunction restraining Defendant from terminating their

6  operating agreements.

7

8  **STANDARD**

9

10  The purpose of a temporary restraining order is to preserve the status quo

11  pending the complete briefing and thorough consideration contemplated by full

12  proceedings pursuant to a preliminary injunction.  See Granny Goose Foods, Inc. v.

13  Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be

14  restricted to serving their underlying purpose of preserving the status quo and preventing

15  irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also

16  Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v.

17  Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

18  Issuance of a temporary restraining order, as a form of preliminary injunctive

19  relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety

20  of such a remedy.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In general,

21  the showing required for a temporary restraining order and a preliminary injunction are

22  the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839

23  n.7 (9th Cir. 2001).

24  The party requesting preliminary injunctive relief must show that "he is likely to

25  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

26  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

27  the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008);

28  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The

1    propriety of a TRO hinges on a significant threat of irreparable injury that must be

2    imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th

3    Cir. 1988).

4         Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs

5    demonstrate the requisite likelihood of irreparable harm and show that an injunction is in

6    the public interest, a preliminary injunction can still issue so long as serious questions

7    going to the merits are raised and the balance of hardships tips sharply in Plaintiffs'

8    favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011)

9    (concluding that the "serious questions" version of the sliding scale test for preliminary

10   injunctions remains viable after Winter).

11

12                                    **ANALYSIS**

13

14        Plaintiffs' Motion for a Temporary Restraining Order fails both procedurally and

15   substantively.  First, Plaintiffs' Motion is deficient as filed.  Second, and most importantly,

16   Plaintiffs fail to establish that they face imminent irreparable harm warranting the

17   requested extraordinary relief.

18        "Plaintiffs bear the burden of showing that, among other things, they are likely to

19   suffer irreparable injury and the injury must be imminent in nature."  Caribbean Marine,

20   844 F.2d at 674.  Reflecting this requirement, Local Rule 231(c), which governs the filing

21   of motions for TROs in this district, requires that parties seeking such relief provide,

22   among others, the following documents to the Court: "(1) a complaint; (2) a motion for

23   temporary restraining order; (3) a brief on all relevant legal issues presented by the

24   motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit

25   detailing the notice or efforts to effect notice to the affected parties or counsel or showing

26   good cause why notice should not be given,  . . . and (7) a proposed order."  E.D. Cal.

27   Local R. 230(c).  Here, although Plaintiffs reference declarations purportedly signed by

28   Plaintiffs, none were submitted to the Court with their Complaint or with their Motion.

4

The failure to comply with this local rule is particularly glaring as Plaintiffs submitted no evidence in support of their allegations of irreparable harm.  Given that a TRO is considered to be an extraordinary remedy and Plaintiffs have the burden of establishing its propriety, Plaintiffs' failure to submit any support for their Motion results in its denial.[4]

However, even had Plaintiffs submitted Plaintiffs' purported Declarations, Plaintiffs fail to meet their burden in demonstrating that they face imminent, irreparable harm.  The harm that Plaintiffs allegedly face is entirely speculative, at best.  For instance, "Plaintiffs <u>fear</u> that [Defendant] will terminate their operating agreements, after the full evidentiary hearing required by 34 C.F.R. § 395.13, <u>should</u> the decision be adverse to Plaintiffs." Mot., ECF No. 3 at 10 (emphasis added).  Plaintiffs also argue that they "will suffer irreparable harm due to the lack of other employment opportunities available to them and the uncertainly in the law with respect to the award of damages in this case." <u>Id.</u> at 20.

Although Plaintiffs allege that "[u]nlike the typical employment case, it is not obvious that Plaintiffs will be able to obtain damages if they ultimately succeed in this case," they fail to adequately support this contention.[5]  Mot., ECF No. 3 at 19.  In fact, Plaintiffs provide no reason why a legal remedy, namely monetary damages, would be inadequate for the termination of their operating agreements and the resulting loss of revenue.  Plaintiffs cite the loss of substantial income, attorneys' fees, and court costs as examples of potential harm, yet these are all examples of harm where monetary remedies are generally found to be adequate.  As to Plaintiffs' contention that they also fear the loss of the opportunity to conduct an administrative review and loss of meaningful judicial review, these harms are entirely speculative at best – particularly where Plaintiffs acknowledge that an administrative review is ongoing.  Speculative

---

[4] Plaintiffs also failed to submit a proposed order and the Temporary Restraining Order Checklist. Plaintiffs are cautioned that in the future, they must scrupulously observe the requirements of the Federal Rules of Civil Procedure as well as this Court's Local Rules and Temporary Restraining Order Procedures prior to filing requests for extraordinary relief.

[5] Moreover, Plaintiffs bear the burden of demonstrating the threat of irreparable harm to a degree beyond being "not obvious."

1   injury does not constitute irreparable harm. See Caribbean Marine, 844 F.2d at 674;

2   Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984). Because

3   Plaintiffs allege only a speculative injury, Plaintiffs' Motion for a Temporary Restraining

4   Order (ECF No. 2) is DENIED without prejudice to refiling as a properly noticed Motion

5   for a Preliminary Injunction in accordance with the Federal Rules of Civil Procedure and

6   this Court's Local Rules.[6]

7          IT IS SO ORDERED.

8   Dated:  August 21, 2014

9

10

11   _____
     MORRISON C. ENGLAND, JR, CHIEF JUDGE

12   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23          [6] Finally, the Court notes that were Plaintiffs facing real, imminent harm, it is unlikely that they
     would have waited approximately two weeks from the receipt of an email on August 6, 2014, which

24   Plaintiffs assert caused them to fear that Defendant would revive its allegedly unlawful efforts and another
     week after notifying opposing counsel of their intent to file the instant Motion.  See ECF No. 2 at 3; ECF

25   No. 5 at 5.  A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable
     harm." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985).  Stated another

26   way, the Court is of the view that the two-week delay between Plaintiffs' renewed fear of "imminent" harm
     and the filing of this Motion tends to contradict Plaintiffs' claims of irreparable injury.  See, e.g., Occupy

27   Sacramento v. City of Sacramento, 2:11–CV–02873–MCE, 2011 WL 5374748 (E.D. Cal. Nov. 4, 2011)
     (denying application for TRO for twenty-five day delay).  This delay further undermines Plaintiffs'

28   assertions.