UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY W. CROCKER and THOMAS EVANS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF REHABILITATION,<br><br>　　　　　Defendant. | No.  2:14-cv-01944-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

On August 20, 2014, Plaintiffs Gary Crocker and Thomas Evans (collectively "Plaintiffs") filed this action alleging that Defendant State of California, Department of Rehabilitation ("Defendant") is seeking to unlawfully terminate their operating agreements in violation of the Randolph-Sheppard Act, 20 U.S.C. § 107-107f (the "R-S Act") and the California Business Enterprise Program for the Blind law, California Welfare and Institutions Code sections 19625-19641 (the "BEP" statute).  See Compl., ECF No. 5.  Presently before the Court is Plaintiffs' Motion for a Preliminary Injunction, ECF No. 11, and Defendant's Motion to Dismiss, ECF No. 18.[1]  For the following reasons, Defendant's Motion is GRANTED without prejudice, mooting Plaintiffs' Motion.[2]

---

[1] Because oral argument would not be of material assistance, the Court resolves these matters on the briefs.  E.D. Cal. Local R. 230(g); ECF No. 21.

1

# BACKGROUND[3]

Plaintiffs are two blind licensees who have contracts with Defendant to operate vending machines in roadside rest areas pursuant to the R-S Act. Congress enacted the R-S Act to provide the blind with employment in order to increase their economic opportunities and to encourage their economic self-sufficiency. 20 U.S.C. § 107(a). State and federal agencies share responsibility for administering the statutory program. On the federal level, the Secretary of the United States Department of Education ("Secretary") is responsible for interpreting and enforcing the R-S Act's provisions. In addition, the Secretary designates a state licensing agency to administer the R-S Act within each state. 20 U.S.C. § 107a(a)(5).

Defendant administers the R-S Act in California through the BEP. According to Plaintiffs, the BEP mandates that the state give priority to blind individuals when determining who shall operate vending facilities on state property. When a blind vendor is assigned to operate a particular vending facility, the blind vendor enters into an operating agreement with Defendant that sets forth the terms and conditions for the operation of the facility.

Defendant informed Plaintiffs that it was going to terminate their operating agreements due to their failure to pay utility bills. In their substantive claim for relief, Plaintiffs allege that their operating agreements with Defendant did not require them to pay utilities. Moreover, Plaintiffs allege that in any event they submitted all amounts allegedly due prior to the deadline set forth in the termination notice.

The R-S Act sets forth a grievance procedure for blind vendors. "Any blind licensee who is dissatisfied with any action arising from the operation or administration of

---

[2] Plaintiffs' motion for a temporary restraining order was denied without prejudice on August 21, 2014, due to their failure to comply with Local Rule 231(c) and to establish that they face imminent irreparable harm. ECF No. 8.

[3] This section only recites a general overview of the facts. Additional facts may be found in the Court's August 21, 2014, Order. ECF 8.

the vending facility program" can request a full evidentiary hearing before his state licensing agency. 20 U.S.C. § 107d-1(a). If he is dissatisfied with the results of the hearing, he can file a complaint with the Secretary who then convenes an ad hoc arbitration panel to address the grievance. Id. The arbitration panel's decision is binding and subject to judicial review as final agency action under the Administrative Procedure Act ("APA"). 20 U.S.C. § 107d-2(a).

Plaintiffs have initiated agency proceedings contesting the termination of their operating agreements. Both Plaintiffs have pending evidentiary hearings that have either been indefinitely postponed or not yet scheduled.[4] Plaintiffs' operating agreements with Defendant are only protected through the evidentiary hearing. If Defendant prevails at the evidentiary hearing, it would have the ability to terminate the operating agreements at that time, despite Plaintiffs' right to appeal the results of the hearing to the arbitration panel.[5] The terminations only affect Plaintiffs' existing operating agreements with Defendant. Plaintiffs would retain their vendor licenses and would be able to bid on other vending contracts. However, each Plaintiff has stated that he would be unable to find other employment that would compensate him at the level he earns at his respective vending facility.

Plaintiffs are seeking a preliminary injunction to keep Defendant from terminating their operating agreements "until they have exhausted their due process and appellate rights." Defendants have filed a Motion to Dismiss, arguing, among other things, that Plaintiffs have not exhausted their administrative remedies.

The Court agrees.

///

---

[4] Plaintiffs previously had a hearing on whether they were required to pay utilities fees to Defendant. The administrative law judge found for Defendant and the matter is now proceeding to an arbitration panel consistent with the procedures outlined in the R-S Act.

[5] However, Plaintiff Crocker requested an order indefinitely postponing the evidentiary hearing until after the federal arbitration concluded on the separate case on the requirement to pay utilities. Plaintiff Evans could request the same treatment once his evidentiary hearing is scheduled. Defendant states that it would not oppose the request. ECF No. 15 at 18-19.

## ANALYSIS

The Court finds that Plaintiffs have not exhausted their administrative remedies and no exception allows the Court to consider the merit of their claims. While Plaintiffs acknowledge that the R-S Act is the only means of dispute resolution between licensees and state licensing agencies, they argue that there is an exception for injunctive relief. In support of this proposition, Plaintiffs cite only a district court case from Colorado. Mot. at 4:21-22 (citing Hudson v. Boxer, 632 F. Supp. 1569 (D. Colo. 1986)). The Court does not read this non-binding case as providing a general "injunctive relief" exception to the R-S Act. In Hudson, the plaintiff had been denied a hearing by the state licensing agency. The court granted an injunction to preserve the review process provided by the R-S Act, finding that without judicial intervention, the plaintiff would have no legal remedy. Id. at 1572-73.

The Court similarly disagrees with Defendant's assertion that the Ninth Circuit held in the unpublished case Middendorf v. U.S. Gen. Servs. Admin., 92 F.3d 1193 (9th Cir. 1996) that injunctive relief is never appropriate until the administrative process is complete. Middendorf addressed whether a blind vendor should be permitted to assert a private right of action directly against a federal agency under the R-S Act without following the administrative process laid out in the statute. The Ninth Circuit held that exhaustion was required in that case because the plaintiff was attempting to circumvent the administrative process entirely by filing an action against the federal agency.

The Ninth Circuit has previously established that the R-S Act is governed by the APA. Premo v. Martin, 119 F.3d 764, 771 (9th Cir. 1997) (citing 20 U.S.C. § 107d-2(a)). While it is true that the APA requires the exhaustion of all remedies under 5 U.S.C. § 704, there are Supreme Court-approved exceptions to the APA exhaustion requirement. See McCarthy v. Madigan, 503 U.S. 140, 146-49 (1992); McNeese v. Board of Ed. for Cmty. Unit. School Dist. 187, 373 U.S. 668, 674-76 (1963); Renegotiation Board v. Bannercroft Clothing Co., 415 U.S. 1, 24 (1974). These

exceptions have been applied in the context of the R-S Act. See Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 104, 107-108 (D.C. Cir. 1986) ("Despite the general rule that exhaustion of administrative remedies is a predicate to judicial review, courts have developed exceptions to the exhaustion requirement in circumstances where 'the reasons supporting the doctrine are found inapplicable.'"). Specifically, exhaustion in an R-S Act case "may be excused if a litigant can show: (1) that requiring exhaustion will result in irreparable harm; (2) that the administrative remedy is wholly inadequate; or (3) that the administrative body is biased, making recourse to the agency futile." Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 599 (6th Cir. 2014).

### 1. Plaintiffs Will Not Suffer Irreparable Harm

One "exception to the exhaustion requirement is where irreparable injury would result unless immediate judicial review is permitted." Weinberger, 795 F.2d at 107. Absent a "clear showing of irreparable injury" on some additional basis, the "failure to exhaust administrative remedies serves as a bar to judicial intervention in the agency process." Renegotiation Board, 415 U.S. at 24. Plaintiffs' claim that they will suffer irreparable harm is speculative.

If Plaintiffs' termination case is decided in their favor, an R-S Act arbitration panel can award equitable relief and damages. In Premo, the Ninth Circuit confirmed that "the Eleventh Amendment does not apply to Randolph–Sheppard arbitration proceedings and thus does not limit the authority of arbitration panels convened under the Act to award compensatory relief." 119 F.3d at 769. In that case, "the panel awarded Martin $379,025.05 in lost income and $70,898.65 in attorney's fees and costs. The panel also ordered the state to reinstate Martin's license, to restore her to a comparable vending facility, and to pay her at a rate of $5,731.94 per month until she is restored." Id. at 764. Therefore, any harm suffered by Plaintiffs is curable and not irreparable. See Sampson v. Murray, 415 U.S. 61, 90 (1974) ("The possibility that adequate

///

1 compensatory or other corrective relief will be available at a later date, in the ordinary
2 course of litigation, weighs heavily against a claim of irreparable harm.")[6]
3       Even if Plaintiffs do not prevail in the administrative process and do not receive
4 damages and equitable relief, they would still be able to apply for other vending
5 opportunities as they would still possess their vendor licenses.  This would be a
6 temporary, economic harm at most. Economic loss does not, in and of itself, constitute
7 irreparable harm.  Id.

### 2.  There Is An Adequate Administrative Remedy

9       "The administrative process is inadequate where the agency has expressed a
10 willingness to act, but the relief it will provide through its action will not be sufficient to
11 right the wrong."  Weinberger, 795 F.2d at 107.  As discussed above, an adequate
12 administrative remedy is available in this case that would right any wrong suffered by the
13 Plaintiffs.

### 3.  The Administrative Process Would Not be Futile

15       "Resort to the administrative process is futile if the agency will almost certainly
16 deny any relief either because it has a preconceived position on, or lacks jurisdiction
17 over, the matter."  Id.  While Plaintiffs' claims that the Office of Administrative Hearings,
18 which conducts the evidentiary hearings, "routinely rules against blind licensees," ECF
19 No. 11-1 at 5, they have not offered any evidence to support this assertion other than a
20 self-serving, unsupported, and conclusory declaration. See Crocker Decl., ¶ 16.  This is
21 not enough for the Court to determine that the administrative process would be futile.
22 ///
23 ///
24 ///

---

[6] Because Plaintiffs have failed to demonstrate irreparable harm, they have also failed to demonstrate the existence of extraordinary circumstances warranting the use of the All Writs Act, 28 U.S.C. § 1651(a).  See Sampson, 415 U.S. at 83-84 (clarifying that a party seeking to invoke the All Writs Act "at the very least must make a showing of irreparable injury"); see also Wis. Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305, 1306 (2004) (emphasizing that the All Writs Act is a source of judicial authority which "is to be used sparingly and only in the most critical and exigent of circumstances").

## CONCLUSION

The exhaustion requirement may be waived "only in extraordinary circumstances." Bd. of Trustees of Const. Laborers' Pension Trust for Southern Cal. v. M.M. Sundt Constr. Co., 37 F.3d 1419, 1421 (9th Cir. 1994). Those circumstances are not present in this case. Therefore, Plaintiffs must exhaust their administrative remedies before the Court has jurisdiction to hear this case. After such remedies are exhausted, any party aggrieved by the arbitrator's decision may petition the Court under the APA for review.

Because Plaintiffs have failed to demonstrate adequate grounds upon which to waive the requirement that they exhaust their administrative remedies, Defendant's Motion to Dismiss, ECF No. 18, is GRANTED and this case is dismissed without prejudice. Plaintiff's Motion for Preliminary Injunction, ECF No. 11, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: January 6, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT